UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

FREDDIE BYARD, KEVIN BRADLEY, and
VARIANCE EDGECOMBE,

    Plaintiffs,

v.

GRANERO MOVING, LLC d/b/a
GRANERO MOVING, FORMULA
GLOBAL MOBILITY, LLC d/b/a
GRANERO MOVING, and BRYTOR
INTERNATIONAL MOVING, LLC d/b/a
GRANERO MOVING,

    Defendants.
_____/

## COMPLAINT – JURY TRIAL DEMANDED

Plaintiffs, Freddie Byard, Kevin Bradley, and Variance Edgecombe (hereinafter collectively referred to as "Plaintiffs") sue Defendants Granero Moving, LLC d/b/a Granero Moving, Formula Global Mobility, LLC d/b/a Granero Moving, and Brytor International Moving, LLC d/b/a Granero Moving (hereinafter individually referred to as "Granero," "Formula," and "Brytor," and collectively referred to as "Defendants" or "Granero Moving"), and alleges as follows:

### INTRODUCTION

1.    This is a race discrimination and retaliation complaint brought by Plaintiffs, three Black men, formerly employed by Granero Moving and who were treated differently than, and inferior to, their non-Black coworkers. Plaintiffs sue pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Florida Civil Rights Act of 1992 ("FCRA") and 42 U.S.C. § 1981

("1981"), each seeking back pay, compensatory damages, reinstatement or front pay, injunctive and declaratory relief, litigation expenses, interest, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE, AND PARTIES

2. This Court has jurisdiction over Plaintiffs' Title VII and 1981 claims pursuant to 28 U.S.C. § 1331. This Court has jurisdiction to grant declaratory and further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3. The Court has supplemental jurisdiction over Plaintiffs' FCRA claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims that they form part of the same case or controversy.

4. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391 because the events and omissions giving rise to the claims occurred in Miami-Dade County, Florida, where Plaintiffs were employed.

5. Plaintiffs are individuals, residing in Florida, who at all times material were:

    a. "employees" of Granero Moving as envisioned by Title VII and the FCRA;

    b. protected by 42 U.S.C. § 1981 because they are Black U.S. citizens and because they opposed illegal practices under that statute.

6. Granero Moving is an active fictitious name that, at the time Plaintiffs were employed there, was owned by Granero and Formula.

7. Granero and Formula are/were Florida limited liability companies, with their principal place of business at 8400 NW 17th Street, Doral, Florida 33126.

8. On or about March 2, 2022, Granero was voluntarily dissolved.

9. As of March 22, 2022, Granero Moving is an active fictitious name that is now owned by Formula and Brytor.

10. Brytor is a Florida limited liability company, with its principal place of business at 4740 NW 15th Avenue, Suite 3D, Fort Lauderdale, Florida 33309.

11. At all times material, all Defendants qualify as an "employer" as envisioned by Title VII and the FCRA.

12. At all times material, Plaintiffs were engaged in an employee-employer relationship with Granero Moving based on the relevant legal determinations. Granero Moving had complete control over the Plaintiffs during their employment. Specifically, Granero Moving controlled which jobs Plaintiffs would be assigned to, Plaintiffs' transportation to and from those jobs, and which tasks Plaintiffs would perform at each job.

13. Additionally, Plaintiffs did not bear any risk of loss, and Plaintiffs did not market their services to the general public – they wore shirts with Granero Moving's name embroidered, and they worked solely for those customers who had hired Granero Moving.

## SATISFACTION OF CONDITIONS PRECEDENT

14. Plaintiffs, on or about November 9, 2021, dual-filed charges of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR), alleging race discrimination and retaliation.

15. This action is filed within 90 days of the EEOC issuing Plaintiffs a notice of rights to sue.

16. More than 180 days have elapsed from the date Plaintiffs filed their charges of discrimination without the FCHR conciliating or determining whether there is reasonable cause.

17. All conditions precedent to this action have been satisfied, have been waived, or would be futile.

## FACTUAL ALLEGATIONS

18.     Mr. Byard, a Black man, began working for Granero Moving in February 2021, as a truck driver and moving crew foreman.

19.     Mr. Bradley and Mr. Edgecombe, also Black men, began working for Granero Moving in or about May 2021, as cargo movers. Mr. Bradley and Mr. Edgecombe worked on a team with Mr. Byard and were colloquially referred to as the "Black team."

20.     Nearly every other employee who works for Granero Moving is Hispanic, including the entire management team.

21.     Throughout Plaintiffs' employment, Granero Moving would regularly assign them to the least desirable and most laborious jobs, or the least desirable and most laborious tasks within a respective job. This usually entailed working exclusively outside in the heat and carrying the heaviest pieces of cargo.

22.     Additionally, Granero Moving would send Mr. Byard out of state on jobs for days or weeks at a time. In doing so, the Granero Moving management team would assure Mr. Byard that they would hire competent help to assist him at the destinations of those jobs, but they would purposely fail to do so.

23.     In contrast, the Hispanic workers were given less laborious tasks than the Black movers, and they received preferential treatment in various forms including being invited to have lunch with management, while Plaintiffs were excluded.

24.     When a job necessitated multiple teams of movers, Granero Moving's management would ensure the similarly situated Hispanic movers got to work inside the air conditioning and avoid lifting the heaviest items of cargo, while the Plaintiffs were required to move the heaviest cargo and work outside. Additionally, management would always speak Spanish among each other

and the Hispanic movers, even in the Plaintiffs' presence, despite knowing Plaintiffs did not speak Spanish.

25. On multiple occasions, Plaintiffs would be taken off the longer, higher paying jobs just before completion, so that the Hispanic workers could finish the jobs and keep the entire tip given by the customers.

26. Additionally, Plaintiffs were regularly asked to climb the cargo racks of Granero Moving's storage warehouses, which rose over twenty (20) feet in the air, without any fall prevention or protective equipment. Granero Moving never would not ask similarly situated Hispanic workers to risk their lives climbing these cargo racks.

27. Further, the Hispanic employees would regularly make facially discriminatory comments about Plaintiffs, including calling them "monkeys" while climbing storage racks or that they liked bananas.

28. Further, one of Granero Moving's managers, Chester, was observed to have the Plaintiffs' phone numbers saved as, "Black Americano," and he would regularly refer to the Black workers as, "Nigrito."

29. On more than one occasion, Plaintiffs complained to Granero Moving's management team about the discriminatory working conditions, racially charged comments, and the denial of tip money that the Black movers rightfully earned. However, Granero Moving's management team took no remedial action. To the contrary, Granero Moving's management team either brushed the complaints off, or ignored them all together.

30. On or about July 31, 2021, Granero Moving fired Plaintiffs without explanation.

31. Granero Moving terminated Plaintiffs out of discriminatory animus towards their race and out of retaliation for engaging in protected complaints of racial discrimination.

32. Plaintiffs have retained the undersigned law firm and have agreed to pay a reasonable fee for its services.

### COUNT I: RACE DISCRIMINATION IN VIOLATION OF TITLE VII AS TO ALL DEFENDANTS

33. Plaintiffs reallege and adopt, as if fully set forth in this Count, all of the allegations in ¶¶ 1–2, 4–15, 17–32.

34. Granero Moving's discriminatory treatment of Plaintiffs, as more particularly alleged above, was motivated by their race, and thus, violated their rights under Title VII.

35. As a direct natural, proximate and foreseeable result of Granero Moving's actions, Plaintiffs have suffered lost wages and benefits, in the past and such losses will continue in the future, emotional distress, inconvenience, embarrassment and other non-pecuniary damages and such damages will continue in the future.

36. Granero Moving's conduct towards Plaintiffs was willful, wanton and in flagrant disregard of their federally protected rights against race discrimination so as to justify punitive damages.

37. The discrimination that Plaintiffs have suffered, in violation of their federal statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

38. Plaintiffs are entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiffs pray that this Court will:

    a. issue a declaratory judgment that the discrimination against Plaintiffs by Defendants was a violation of their rights under Title VII;

b.  enjoin Defendants from continuing to violate Plaintiff's rights against race discrimination and to make them whole through either reinstatement or front pay;

c.  grant Plaintiff judgment against Defendants for back pay and damages, including punitive damages, for their violations of Title VII;

d.  grant Plaintiffs prejudgment interest;

e.  grant Plaintiffs reasonable attorneys' fees and litigation costs pursuant to 42 U.S.C. § 2000e-5(k), and;

f.  provide any additional relief that this Court deems just and appropriate.

### COUNT II: RACE DISCRIMINATION IN VIOLATION OF THE FCRA AS TO ALL DEFENDANTS

39. Plaintiffs reallege and adopt, as if fully set forth in this Count, all of the allegations in ¶¶ 1–14, 16–32.

40. Granero Moving's discriminatory treatment of Plaintiffs, as more particularly alleged above, was motivated by their race, and thus, violated their rights under the FCRA.

41. As a direct natural, proximate and foreseeable result of Granero Moving's actions, Plaintiffs have suffered lost wages and benefits, in the past and such losses will continue in the future, emotional distress, inconvenience, embarrassment and other non-pecuniary damages and such damages will continue in the future.

42. Granero Moving's conduct towards Plaintiffs was willful, wanton and in flagrant disregard of their statutorily protected rights against race discrimination so as to justify punitive damages.

43. The discrimination that Plaintiffs have suffered, in violation of their statutorily statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

44. Plaintiffs are entitled to recover attorneys' fees and litigation expenses under § 760.11(5), FLA. STAT.

WHEREFORE, Plaintiffs pray that this Court will:

a. issue a declaratory judgment that the discrimination against Plaintiffs by Defendants was a violation of his rights under the FCRA;

b. enjoin Defendants from continuing to violate Plaintiff's rights against race discrimination and to make them whole through either reinstatement or front pay;

c. grant Plaintiff judgment against Defendants for back pay and damages, including punitive damages, for their violations of the FCRA;

d. grant Plaintiffs prejudgment interest;

e. grant Plaintiffs reasonable attorneys' fees and litigation costs, and;

f. provide any additional relief that this Court deems just and appropriate.

## COUNT III: RACE DISCRIMINATION IN VIOLATION OF § 1981 AS TO ALL DEFENDANTS

45. Plaintiff realleges and adopts, as if fully set forth in this Count, all of the allegations in ¶¶ 1–2, 4–13, 17–32.

46. The discriminatory actions of Granero Moving, as more particularly alleged above had the purpose and effect of denying Plaintiffs the same right to make and enforce contracts as is enjoyed by white citizens, in violation of 42 U.S.C. § 1981.

47. The discriminatory actions of Granero Moving alleged above were intentionally and purposefully done to Plaintiffs because they are Black.

48. As a direct, natural, proximate and foreseeable result of Granero Moving's actions, Plaintiffs have suffered past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

49. The actions of Granero Moving exhibited oppression, malice, gross negligence, willful or wanton misconduct, or a reckless disregard for Plaintiffs' civil rights so as to entitle Plaintiffs to an award of punitive damages against Granero Moving to punish it for its conduct and to deter it and others like it from such conduct in the future.

50. Plaintiffs are entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 1988.

51. Plaintiffs, having been discriminated against by Granero Moving have suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

WHEREFORE, Plaintiffs pray that this Court will:

    a. issue a declaratory judgment that the discrimination against Plaintiffs by Defendants was a violation of his rights under 42 U.S.C. § 1981;

    b. enjoin Defendant from continuing to violate Plaintiffs' federally and statutorily protected rights and to make Plaintiffs whole;

    c. grant Plaintiffs judgment against Defendants for back pay and damages, including punitive damages;

    d. grant Plaintiffs prejudgment interest;

    e. grant Plaintiffs reasonable attorneys' fees and litigation costs pursuant to 42 U.S.C. § 1988; and

   f.  provide any additional relief that this Court deems just and appropriate.

## COUNT IV: RETALIATION IN VIOLATION OF TITLE VII AS TO ALL DEFENDANTS

52. Plaintiffs reallege and adopt, as if fully set forth in this Count, all of the allegations in ¶¶ 1–2, 4–15, 17–32.

53. Plaintiffs opposed a practice which is an unlawful employment practice when they complained to Granero Moving's management about the discriminatory treatment they received compared to the more favorable treatment shown to their similarly situated Hispanic colleagues.

54. Granero Moving was aware of Plaintiffs' objections to what they objectively and reasonably believed were unlawful employment practices.

55. Granero Moving terminated Plaintiffs in close temporal proximity, and without any legitimate business reason, after their objections to Granero Moving's illegal and discriminatory policies.

56. Plaintiffs' complaints to Granero Moving's management constituted protected activity under Title VII.

57. Plaintiffs were terminated as a direct result of their objections to Granero Moving's illegal and discriminatory policies.

58. As a direct, natural, proximate, and foreseeable result of Granero Moving's retaliatory actions, Plaintiffs has suffered lost wages and benefits, past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

59. Plaintiffs have no plain, adequate, or complete remedy at law for Granero Moving's discriminatory actions, which have caused, and continue to cause, irreparable harm.

60. Granero Moving's retaliation against Plaintiffs, of which its higher management was aware and which it ratified, was in such reckless disregard of Plaintiffs' statutory rights against retaliation as to entitle Plaintiffs to an award of punitive damages against Granero Moving to punish it and dissuade such conduct in the future.

61. Plaintiffs are entitled to recover reasonable attorney's fees and litigation expenses against Granero Moving pursuant to 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiffs pray that this Court will:

a. issue a declaratory judgment that the retaliation against Plaintiffs by Defendants was a violation of Plaintiffs' rights under Title VII;

b. require that Defendants make Plaintiffs whole for losses suffered as a result of the retaliation through reinstatement, or, if that is not practical, through and award of front pay;

c. grant Plaintiffs a judgment against Defendant for back pay and damages, including punitive damages;

d. grant Plaintiffs prejudgment interest;

e. award Plaintiffs their reasonable attorney's fees and litigation expenses against Defendants pursuant to 42 U.S.C. § 2000e-5(k); and

f. provide any additional relief that this Court deems just and appropriate.

## COUNT V: RETALIATION IN VIOLATION OF THE FCRA AS TO ALL DEFENDANTS

62. Plaintiffs reallege and adopt, as if fully set forth in this Count, all of the allegations in ¶¶ 1–14, 16–32.

63. The FCRA provides in pertinent part as § 760.10(7), Fla. Stat., that "[i]t is an unlawful employment practice for an employer…[t]o discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section…."

64. Plaintiffs opposed a practice which is an unlawful employment practice when they complained to Granero Moving's management about the discriminatory treatment they received compared to the more favorable treatment shown to their similarly situated Hispanic colleagues.

65. Granero Moving was aware of Plaintiffs' objections to what they objectively and reasonably believed were unlawful employment practices.

66. Granero Moving terminated Plaintiffs in close temporal proximity, and without any legitimate business reason, after their objections to Granero Moving's illegal and discriminatory policies.

67. Plaintiffs' complaints to Granero Moving's management constituted protected activity under the FCRA.

68. Plaintiffs were terminated as a direct result of their objections to Granero Moving's illegal and discriminatory policies.

69. As a direct, natural, proximate, and foreseeable result of Granero Moving's retaliatory actions, Plaintiffs has suffered lost wages and benefits, past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

70. Plaintiffs have no plain, adequate, or complete remedy at law for Granero Moving's actions, which have caused, and continue to cause, irreparable harm.

71. Granero Moving's retaliation against Plaintiffs, of which its higher management was aware and which it ratified, was in such reckless disregard of Plaintiffs' statutory rights against

retaliation as to entitle Plaintiffs to an award of punitive damages against Granero Moving to punish it and dissuade such conduct in the future.

72. Plaintiffs are entitled to recover attorneys' fees and litigation expenses under § 760.11(5), FLA. STAT.

WHEREFORE, Plaintiffs prays that this Court will:

    a. issue a declaratory judgment that the retaliation against Plaintiffs by Defendants was a violation of Plaintiffs' rights under the FCRA;

    b. require that Defendants make Plaintiffs whole for losses suffered as a result of the retaliation through reinstatement, or, if that is not practical, through and award of front pay;

    c. grant Plaintiffs a judgment against Defendant for back pay and damages, including punitive damages;

    d. grant Plaintiffs prejudgment interest;

    e. grant Plaintiffs their reasonable attorney's fees and litigation expenses against Defendants pursuant to § 760.11(5), FLA. STAT; and

    f. provide any additional relief that this Court deems just and appropriate.

## COUNT IV: RETALIATION IN VIOLATION OF § 1981 AS TO ALL DEFENDANTS

73. Plaintiffs reallege and adopt, as if fully set forth in this Count, all of the allegations in ¶¶ 1–2, 4–13, 17–32.

74. The discriminatory actions of Granero Moving, as more particularly alleged above, had the purpose and effect of denying Plaintiffs the same right to make and enforce contracts as is enjoyed by white citizens, in violation of 42 U.S.C. § 1981.

75. Plaintiffs objected to and opposed, as more particularly alleged above, what they reasonably believed in good faith was unlawful discrimination against Black persons.

76. The adverse actions of Granero Moving violated Plaintiffs' right to be protected against retaliation for engaging in protected activity, which retaliation is proscribed by 42 U.S.C. § 1981.

77. As a direct, natural, proximate and foreseeable result of Granero Moving's discriminatory actions, Plaintiffs have suffered past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

78. Plaintiffs have no plain, adequate, or complete remedy at law for Granero Moving's actions, which have caused, and continue to cause, irreparable harm.

79. Granero Moving's retaliation against Plaintiffs, of which its higher management was aware and which it ratified, was in such reckless disregard of Plaintiffs' statutory rights against retaliation as to entitle Plaintiffs to an award of punitive damages against Granero Moving to punish it and dissuade such conduct in the future.

80. Plaintiffs are entitled to recover reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiffs pray that this Court will:

    a.    issue a declaratory judgment that the retaliation against Plaintiffs by Defendants was a violation of Plaintiffs' rights under 42 U.S.C. § 1981;

    b.    enjoin Defendant from continuing to violate Plaintiffs' federally and statutorily protected rights and to make Plaintiffs whole;

    c.    grant Plaintiffs judgment against Defendants for back pay and damages, including punitive damages;

    d.    grant Plaintiffs prejudgment interest;

    e.    grant Plaintiffs reasonable attorneys' fees and litigation costs pursuant to 42 U.S.C. § 1988; and

    f.    provide any additional relief that this Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated this 10th day of August, 2022.

Respectfully submitted,

**Brenton Legal P.A.**
*Counsel for Plaintiff*
1070 E. Indiantown Rd., Suite 400
Jupiter, FL 33477
Phone: 954-639-4644
Eservice@brentonlegal.com

By: */s/ Travis Beal*
Christopher A. Fennell
Florida Bar No.: 113546
caf@brentonlegal.com
Ryan Brenton
Florida Bar No.: 107675
rcb@brentonlegal.com
Travis Beal
Florida Bar No.: 104890
tjb@brentonlegal.com